131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
GUILLERMO ENRIQUE BARRIOS, Defendant-Appellant.
 No. 97-10131.
 United States Court of Appeals, Ninth Circuit.
 Nov. 28, 1997.
Argued and Submitted October 10, 1997
 
 Appeal from the United States District Court for the District of Arizona
 Earl H. Carroll, District Judge, Presiding
 Before: FLETCHER, WIGGINS, and MYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Guillermo Barrios appeals the district court's denial of his recusal motion and its imposition of a $10,000 fine under U.S.S.G. § 5E1.2 following his guilty plea to one count of willful failure to file income tax returns, 28 U.S.C. § 7203, a misdemeanor for which he received a ten-month sentence.[1] We have jurisdiction, 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.
 
 
 3
 * Barrios argues that Judge Carroll erred by failing to recuse himself after considering ex parte information during the investigative phase of the case, when he approved an application to intercept communications over a telephone pager held by Hugo Barrios's pager, and received "ten day reports" and requests for extensions of the interception authorization. Barrios further contends that the allegations of drug trafficking and money laundering in the application (and reports) were prejudicial, as evidenced by the judge's undue concern about the nature of Barrios's business and its relationship with his brothers' trafficking activities. We disagree that recusal was required under 28 U.S.C. § 455(a), because the district judge did not display a "deep seated ... antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994); see also United States v. Chischilly, 30 F.3d 1144, 1149 (9th Cir.1994), cert. denied, 513 U.S. 1132 (1995).
 
 
 4
 There is no question that Judge Carroll was performing a judicial function when he read and approved the intercept application. However, Barrios would have us distinguish information communicated ex parte--for example, as here, during the process of approving the intercept application--from information learned during the course of proceeding in which the defendant is a party. We see no reason to consider whether we should do so given the record in this case. The affidavit in support of the application set out facts reflecting the DEA's belief that the "Barrios Organization" was involved in cocaine trafficking and money laundering. The investigation led to an indictment and a superseding indictment on drug trafficking and money laundering charges against members of the Barrios family, including Guillermo Barrios. Therefore, at the outset of the action in which Barrios was a defendant, and as an integral part of it, the judge learned that he and his brothers were accused of distributing cocaine and laundering money. Thus, whatever information Judge Carroll may have gleaned from the intercept application merged into information contained in the superceding indictment itself.
 
 
 5
 This also accounts for the Judge's comments at the plea hearing and at sentencing about which Barrios complains. Barrios entered into a plea agreement to plead guilty to a one count information for failure to file income taxes, in exchange for which the government agreed to dismiss the felony charges against him. Not surprisingly, the district court manifested concern about whether to accept the agreement in light of the indictment. By the same token at sentencing, the court expressed reservations about Barrios's financial circumstances (and distrust of those who fail to file tax returns for years). Nothing in the record suggests that Judge Carroll was influenced by any information not obtained from the indictment or superceding indictment, bail proceedings, the Rule 11 colloquy, or the PSR.[2]
 
 II
 
 6
 Barrios argues that the district court violated U.S.S.G. § 5E1.2 by failing to make a finding regarding his present and future ability to pay a fine, and also that, assuming a finding was made, it was clearly erroneous because he has a negative net worth and numerous tax liabilities. The government maintains that this issue was waived, but we read the record differently. Barrios's financial status was extensively investigated and hotly contested before the district court (both with respect to his eligibility for appointment of counsel and his ability to pay a fine); and Barrios explicitly objected, at the time of sentencing, to the imposition of any fine. We believe the issue was preserved.
 
 
 7
 However, the district court did not fail to make a finding, as Barrios contends. During the course of the proceedings, the judge observed: "I believe Mr. Barrios his money, the ability to raise money, or have money, to pay a fine. That if it is ordered by the Court, it will be paid and should be paid, and can be paid over the period of time that Mr. Barrios will be on supervised release, if not paid immediately...." At sentencing, too, the district court found that Barrios had ability to pay.
 
 
 8
 This finding is nt clearly erroneous. The district court was informed at sentencing that Barrios's mother agreed to pay off his $14,400 IRS debt but of proceeds from the sale of a home she owned. Furthermore the PSR indicates that Barrios's business had a positive monthly profit averaging $3,000; and, as the judge noted, Barrios's business showed negative cash flow only because it had been paying his personal expenses. Also, there was evidence that unusual deposits in large amounts had been made to Barrios's bank account in the past. Under these circumstances, it was not clear error to find that Barrios had a present or future ability to pay a $10,000 fine.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Barrios does not appeal the prison term
 
 
 [2]
 In light of this disposition on the merits, we do not consider whether the issue was waived in Barrios's plea agreement